**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000361
20-APR-2017
08:27 AM**

NO. CAAP-16-0000361

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LEDCOR - U.S. PACIFIC CONSTRUCTION LLC, now known as LEDCOR
CONSTRUCTION HAWAII LLC, a Delaware limited liability company,
Plaintiff-Appellee,
v.
LISA RENE JOSLIN, Defendant-Appellant,
and
COMPLETE MECHANICAL INC., a Hawaii corporation; JOHN AND JANE
DOES 1-50; DOE CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; DOE
GOVERNMENTAL UNIT 1-50, and DOE ENTITIES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0341(1))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Lisa Rene Joslin's (Appellant Joslin) appeal from the Honorable Rhonda I.L. Loo's March 29, 2016 amended judgment, because the March 29, 2016 amended judgment does not satisfy the requirements for an

appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (2016), Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b), HRCP Rule 58, and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Under HRS § 641-1(a), an "appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Id.</u> at 119, 869 P.2d at 1338. Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered</u>, and (ii) dismiss any claims not specifically identified[.]

<u>Id.</u> (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

<u>Id.</u> at 119-20 n.4, 869 P.2d at 1338-39 n.4.

When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

-2-

Id. at 119, 869 P.2d at 1338. In other words, a single judgment document must, on its face, contain operative language to resolve all claims in the case so that a search of the record for prior dispositive orders is not necessary. Simply referring to, or incorporating by reference, a prior judgment that the circuit court intends to amend is insufficient. The finding necessary for certification under HRCP Rule 54(b) is that there is "no just reason for delay" in the entry of judgment as to one or more but fewer than all claims or parties.

The March 29, 2016 amended judgment neither resolves all claims against all parties nor contains the finding necessary for certification under HRCP Rule 54(b). For example, although the March 29, 2016 amended judgment expressly enters judgment in favor of Plaintiff-Appellee Ledcor-US Pacific Construction LLC (Appellee Ledcor) and against Appellant Joslin as to Appellee Ledcor's cause of action for "misrepresentation," the March 29, 2016 amended judgment neither enters judgment on nor dismisses the other four causes of action in Appellee Ledcor's five-count May 25, 2010 complaint. In addition, the March 29, 2016 amended judgment does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties. Therefore, the March 29, 2016 amended judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (2016), HRCP Rule 54(b), HRCP Rule 58, or the holding in Jenkins.

-3-

Absent an appealable final judgment, we lack appellate jurisdiction and Appellant Joslin's appeal is premature.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000361 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 20, 2017.

Presiding Judge

Associate Judge

Associate Judge